[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15941
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00250-ODE-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO GUARDADO-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 22, 2011)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Pedro Guardado-Hernandez appeals his 41-month sentence, imposed after he

pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a),

(b)(2). On appeal, Guardado-Hernandez argues that his sentence was substantively unreasonable in light of the sentencing goals of 18 U.S.C. § 3553(a) because his criminal history consisted of only one drug offense, which he committed in 2003. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, ___ S.Ct. ___ (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010).

3

Although we do not automatically presume a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum is another indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

In this case, Guardado-Hernandez has not demonstrated that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors.[2] His 41-month sentence was well below the statutory maximum sentence of 20 years' imprisonment, which indicates that it was a reasonable sentence. See id. The sentence, moreover, met the goals encompassed within § 3553(a). Guardado-Hernandez illegally reentered the United States less than a year after he was deported. He was still on supervised release following his drug conviction when he illegally reentered this country. Considering his criminal history and disregard for the criminal and immigration laws of the United States, a 41-month sentence was necessary to promote respect for the law, provide just punishment, deter Guardado-Hernandez from further criminal activity, and protect the public. The below-guideline sentence indicates that the court did consider Guardado-Hernandez's history and characteristics, and we will not re-weigh the factors because the ultimate

---

[2] Guardado-Hernandez has not argued that his sentence was procedurally unreasonable.

sentence was reasonable.  See Snipes, 611 F.3d at 872.  Accordingly, we affirm this sentence as reasonable.

**AFFIRMED.**